UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THOMAS HAMANN,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>STUART A. CARPENTER, *et al.*<br><br>　　　　　　Defendants. | Civil Action No. 1:17-cv-11292 ADB |

**MEMORANDUM IN SUPPORT OF DEFENDANT LESLIE H. WEXNER'S MOTION FOR JUDGMENT ON THE PLEADINGS**

　　　　Defendant Leslie H. Wexner is entitled to judgment on the pleadings on the sole count asserted against him in Plaintiff Thomas Hamann's second amended complaint [Doc. 34].

　　　　Plaintiff claims he was the exclusive sales agent for a classic Ferrari race car who claims to have lost out on a commission owed to him by the seller of the Ferrari. [Doc. 34, Second Count at ¶¶ 3, 34]   Plaintiff has not sued the seller of the Ferrari who supposedly owed him this commission, but instead his complaint focuses on the actions of Defendant Stuart A. Carpenter (owner of Defendant Copley Motorcars Corporation, "Copley") who Plaintiff alleges acted on behalf of his client, Mr. Wexner, and committed tortious interference in connection by purchasing of the Ferrari for more than $2 million more than the highest purchase offer secured by Plaintiff. [Id. at ¶¶ 13, 16-18]   While the additional $2 million paid for the Ferrari should have provided more than enough funds for the seller of the Ferrari to honor his alleged contractual obligation to Plaintiff, Plaintiff claims the seller stiffed him on the commission and seeks to hold Defendants liable.

　　　　Plaintiff's second amended complaint contains five counts:

| | |
|---|---|
| First Count: | Tortious interference with an <u>advantageous business relationship</u> asserted against <u>Mr. Carpenter</u>. |
| Second Count: | Tortious interference with an <u>existing contract</u> asserted against <u>Mr. Carpenter</u>. |
| Third Count: | Tortious interference with an <u>advantageous business relationship</u> asserted against <u>Copley</u>. |
| Fourth Count: | Tortious interference with an <u>existing contract</u> asserted against <u>Copley</u>. |
| Fifth Count: | Respondeat Superior asserted against <u>Mr. Wexner as it relates to the First Count</u>. |

On January 11, 2019, the Court dismissed all five counts of Plaintiff's second amended complaint with prejudice for failure to state a claim under Fed.R.Civ.P. 12(b)(6).  [Doc. 42[1]] Plaintiff appealed to the First Circuit Court of Appeals.

The First Circuit affirmed in part and reversed in part.  *Hamann v. Carpenter*, 937 F.3d 86 (1st Cir. 2019).  Specifically, the First Circuit affirmed dismissal of Plaintiff's claims for tortious interference <u>with an advantageous business relationship</u> (Plaintiff's First and Third Counts), and it reversed the dismissal of Plaintiff's claims for tortious interference <u>with an existing contract</u> (Plaintiff's Second and Fourth Counts). In doing so, the First Circuit also indirectly affirmed dismissal of Plaintiff's respondeat superior claim set forth in Plaintiff's Fifth Count.

Plaintiff's Fifth Count states in its entirety as follows:

> 1-37. Paragraphs one through thirty *of the First Count* are hereby incorporated as paragraphs one through thirty [sic] of the Fifth Count as if fully set forth.

---

[1]   The Court had previously dismissed Plaintiff's original complaint without prejudice pursuant to Fed.R.Civ.P. 12(b)(6). [Doc. 23]  This came after Plaintiff's first attempt at filing this lawsuit in Connecticut was dismissed for lack of personal jurisdiction. *Hamann v. Carpenter*, 2017 U.S. Dist. LEXIS 12198 (D. Conn. Jan. 31, 2017).

> 38. At all times relevant to this complaint, Carpenter was acting as an agent on behalf of Wexner within the scope of said agency.
>
> 39. At all times relevant to this complaint, Copley Motorcars Corporation was acting as an agent on behalf of Wexner within the scope of said agency.
>
> 40. Wexner is liable to plaintiff for the losses caused to plaintiff by his agent.

[Doc. 34, pg. 15 (emphasis added)[2]]

As emphasized in the quote above, Plaintiff limited his secondary liability theory against Mr. Wexner to a claim premised upon an underlying tort alleged "in the First Count"—a claim for tortious interference with an advantageous business relationship that has not only been dismissed by this Court with prejudice, the First Circuit has affirmed the claim's dismissal. In the Joint Status Report filed by the parties on September 3, 2020 Plaintiff agreed that "the First Circuit Court of Appeals reversed the dismissal *only* as to Counts Two and Four of Plaintiff's complaint…" recognizing that the First Circuit affirmed the dismissal of Counts One, Three and Five of the second amended complaint. [Doc. 53 (emphasis added).].

Because the underlying tort claim against Mr. Carpenter in Count One fails as a matter of law, Mr. Wexner cannot be secondarily liable under a respondeat superior theory. *Sullivan v. Trustees of Boston Univ.*, 46 N.E.3d 599, 2016 WL 873036, at *2 n.9 (Mass. App. Ct. 2016) ("Where all underlying tort claims failed, the plaintiff's respondeat superior claim . . . also failed."); *cf. O'Brien v. Milano*, 75 N.E.3d 1148, 2017 WL 121069, at *2 (Mass. App. Ct. 2017) (no basis for respondeat superior claim against employer where employee committed no tortious act).

---

[2] For whatever reason, Plaintiff did not incorporate into his Fifth Count paragraphs thirty-two through thirty-seven of his First Count. Plaintiff's second amended complaint does not contain a paragraph thirty-one.

Inasmuch as the sole claim asserted against Mr. Wexner is a respondeat superior claim premised upon an underlying tort that fails as a matter of law, Mr. Wexner is entitled to judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c).

Respectfully submitted,

/s/ Robert R. Berluti
Robert R. Beluti (BBO# 039960)
Berluti McLaughlin & Kitchin LLP
44 School Street, 9th Floor
Boston, MA 02108
Tel:  (617) 557-3030
Fax:  (617) 557-2939
rberluti@bmklegal.com


/s/ Matthew S. Zeiger
Matthew S. Zeiger (Ohio Atty. No. 0075117)
*(admitted pro hac vice)*
ZEIGER, TIGGES & LITTLE LLP
41 South High Street, Suite 3500
Columbus, Ohio 43215
Tel:  (614) 365-9900
Fax:  (614) 365-7900
zeigerm@litohio.com

*Attorneys for Defendants Stuart A. Carpenter, Leslie H. Wexner and Copley Motorcars Corporation*

**CERTIFICATE OF SERVICE**

I, Robert R. Berluti, hereby certify that on the 21st day of September, 2020 the foregoing document was filed electronically with the Clerk of Court using CM/ECF system, and notice of this filing will be sent to all attorneys of record by operation of the Court's electronic filing system.

/s/ Robert R. Berluti